PROB 12C
(9/17)

# United States District Court
## for the
## Western District of Tennessee
## Petition for Warrant or Summons for Offender under Supervision
### FIRST AMENDED

Name of Offender:  Deandre Young                                    Docket No. 2:08CR20114-001

Name of Sentencing Judicial Officer:  The Honorable Jon P. McCalla, Senior United States District Judge

Date of Original Sentence: 02/05/2009

Original Offense:  Felon in Possession of a Firearm, 18 U.S.C. § 922 (g)

Original Sentence:  Imprisonment- 120 months; TSR- 36 months          Type of Supervision: Supervised Release

Assistant U.S. Attorney: Jennifer Webber                            Date Supervision Commenced: 04/20/2018
Reassigned to: Joseph Murphy

Defense Attorney:  Randolph W. Alden                                Date Supervision Expires: 04/19/2021

---

## PETITIONING THE COURT

☑ **To amend the petition dated March 8, 2019 to include the following violation(s)***
☐ **To issue a summons**
☐ **To grant an exception to revocation without a hearing**

The probation officer believes that the offender has violated the following condition (s) of supervision:

| Violation | Nature of Non-Compliance |
|---|---|
|  |  |

1.      **The defendant shall not commit another federal, state or local crime.** On July 20, 2018, the defendant was arrested by Memphis Police Department for Aggravated Assault, in violation of T.C.A. 39-13-102 and False Imprisonment, in violation of T.C.A. 39-13-302. According to the arrest report, on July 20, 2018, Officer D. Skinner (13715) responded to an Aggravated Assault/Domestic Violence call at 2225 Forest Hill Court, Apartment 1, where Carmesha Collier advised that her boyfriend, Deandre Young, assaulted her and kept her captive. Ms. Collier advised she was attacked by the defendant on July 19, 2018 around 10:50 p.m. Ms. Collier advised that the defendant came into the house drunk and started hitting her and yelling at her. The victim advised that the defendant took a broken knife and put it to her throat and threatened to kill her. Ms. Collier advised that she has been abused by the defendant for a while but could not get away to get help because he would lock her in the bedroom, take her cell phone and would use the furniture in the house to prevent her from escaping due to her being wheelchair dependent. Officer Skinner photographed the victim's injuries and the scene. The broken knife was recovered in the dishwasher and tagged as evidence.  Evidence in support of this arrest includes the arrest report and affidavit of complaint (case #18017618). On August 7, 2018, this matter was dismissed for lack of prosecution in Shelby County General Sessions Court Division 10. This conduct constitutes a Grades A and C violation of supervised release.

Prob 12C
RE: Young, Deandre
2:08CR20114-001

2.      **The defendant shall not commit another federal, state or local crime.** On February 20, 2019, a warrant was issued for the defendant's arrest for Simple Assault/ Domestic Violence, in violation of T.C.A. 39-13-111. According to the Memphis Police Department incident report, on February19, 2019, Carmesha Collier contacted Memphis Police Department and advised that two weeks ago her boyfriend, Deandre Young, assaulted her. The victim Carmesha Collier advised that Mr. Young became upset, because she would not let him carry their baby on his taxes. Ms. Collier had bruises on both of her arms, and she advised that her eye was bruised from the assault. The incident happened at a hotel. Mr. Young was not at the scene at the time the report was taken. Ms. Collier did complete a hold harmless form. On February 20, 2019, a Domestic Assault-Bodily Harm warrant was issued on the defendant. Evidence in support of this arrest includes the MPD vision report. This conduct constitutes a Grade C violation of supervised release.

3.      **The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.** On or about August 10, 2018 and dates afterwards, the defendant was instructed by the probation officer to complete Domestic Violence class, and he continuously failed to do so. This conduct constitutes a Grade C violation of supervised release.

*4.     **The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.**  On or about April 4, 2019, the defendant was directed to report to the probation officer at 2:00 p.m. on April 10, 2019, and he failed to so report.  The defendant further failed to report as directed on April 16, 2019 and dates thereafter, which constitutes a Grade C violation of supervised release.

*5.     **The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**  On or about May 10, 2019, the defendant was terminated from his employment with Goodwill Industries, located at 6899 Stage Road in Memphis, Tennessee, and failed to notify the probation office of the change within 72 hours.  Furthermore, at the time of his federal arrest, on May 17, 2019, the defendant reported he had been residing at the Best Value Inn hotel in Memphis, Tennessee with his girlfriend, Heather Ballard, for at least two weeks and had a hotel room keycard on him at the time of the arrest.  The defendant failed to notify the probation office of this change within 72 hours or 10 days prior to move.  These violations constitute a Grade C violation of supervised release.

U.S. Probation Officer Recommendation:
☑ The term of supervision should be
    ☑ Revoked.
    ☐ Extended for _ years, for a total term of _ years.
    ☐ Continued based upon the exception to revocation under 18 USC §3563(e) or 3583(d).
    ☐ The conditions of supervision should be modified as follows:

**Prob 12C**
**RE: Young, Deandre**
**2:08CR20114-001**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    <u>May 20, 2019</u>

<u>s/Whitney Bailey</u>

Supervising U.S. Probation Officer

---

**THE COURT ORDERS:**

☐   No Action
☐   Issue of an arrest warrant
☐   Issue a Summons
☐   The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation.  The supervision term of the defendant is continued under all original terms and conditions.
☒   Other/Amend the Petition to add 2 more violations - JPM

The signed Probation Form 12C (Petition for Action), as well as the warrant for arrest, is to be filed under seal in the Electronic Case File (ECF) system until such time as the warrant is executed.

s/Jon P. McCalla

Signature of Judicial Officer

Date: <u>May 21, 2019</u>

**Prob 12C**
**RE: Young, Deandre**
**2:08CR20114-001**

## VIOLATION WORKSHEET

1. Defendant:          Young, Deandre
2. Docket Number (Year-Sequence-Defendant-Defendant No.):          2:08CR20114-001
3. District/Office:    Western District of Tennessee (Memphis)
4. Original Sentence Date:          02/05/2009

*(if different than above):*
5. Original District/Office:
6. Original Docket Number (Year-Sequence-Defendant-Defendant No.):

7. List each violation and determine the applicable grade (see §
7B1.1(a)):

| Violations(s) | Grade |
|---|---|
| The defendant shall not commit another, federal state or local crime. Aggravated Assault | A |
| The defendant shall not commit another, federal state or local crime. False Imprisonment | C |
| The defendant shall not commit another, federal state or local crime. Simple Assault/ Domestic Violence | C |
| The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. | C |
| *The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer. | C |
| *The defendant shall notify the probation officer at least ten days prior to any change in residence or employment. | C |

8. Most Serious Grade of Violation (see § 7B1.1(b)): | A |
9. Criminal History Category (see § 7B1.4(a)): | VI |

10. Range of Imprisonment (see § 7B1.4(a)) | **33 to 41 months*** |

**\*Being originally convicted of a Class C felony, the statutory maximum term of imprisonment is 24 months; 18 U.S.C. §§3583(e)(3) and 3584.**

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

( )  (a) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c) (1) provides sentencing options to imprisonment.

( )  (b) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c) (2) provides sentencing options to imprisonment.

(X)  (c) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.**
**Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

**Prob 12C**
**RE: Young, Deandre**
**2:08CR20114-001**

Defendant: Young, Deandre    Docket No.: 2:08CR20114-001

12.  Unsatisfied Conditions of Original Sentence

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

| | |
|---|---|
| Restitution ($): | Community Confinement: |
| Fine ($): $50 Special Assessment | Home Detention: |
| Other: | Intermittent Confinement: |

13.  Supervised Release

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3(see §§7B1.3(g)(1)).

Term: ___ to ___ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from imprisonment

14.  Departure

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment

15.  Official Detention Adjustment (see §7B1.3(e)):          Months: ___    Days:

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.**
**Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**